UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| JOSHUA REECE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 3:16-CV-00069-GFVT |
| | ) | |
| V. | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| SHELBY COUNTY, KENTUCKY d/b/a | ) | **ORDER** |
| SHELBY COUNTY DETENTION | ) | |
| CENTER, *et al.*, | ) | |
| | ) | |
| Defendants. | | |

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff Joshua Reece alleges assault and violations of civil rights at the hands of employees and contractees of the Shelby County Detention Center in Shelbyville, Kentucky. Before the Court today, several of the Defendants seek dismissal of claims relating to violations of the Fourth, Fifth, and Eighth Amendments of the United States Constitution. Additionally, Mr. Reece attempts to introduce evidence of a guilty plea entered by Deputy Jailer William Carey to achieve summary judgment for all claims against Mr. Carey. For the following reasons, the Defendants' Motion for Partial Dismissal will be **GRANTED** and Mr. Reece's Motion for Summary Judgment will be **DENIED**.

**I**

**A**

Mr. Joshua Reece was arrested for shoplifting in November of 2015 and taken to the Shelby County Detention Center to await court proceedings. [R. 35-1 at 2.] Former Deputy Jailer William Anthony Carey was working at the detention center when Mr. Reece arrived. [R. 26 at 1.] He recognized Mr. Reece as the ex-boyfriend of his wife. [*Id.*] After booking, Mr.

Reece was placed in Cell 317, but the parties dispute whether this cell was considered "maximum security." [R. 26 at 1; R. 35-1 at 2.] According to accounts by Mr. Reece, he awoke around 2:00 a.m. the next morning to an assault by several other inmates.[1] He claims he was attacked for several hours. [R. 1 at ¶15.] After this attack, Mr. Reece claims he did not receive adequate medical treatment for his injuries. [*Id*. at ¶¶16 - 26.] Upon his release from the detention center, Mr. Reece asserts he had to have major corrective surgery to repair the fractures in his head and face. [*Id.* at ¶30.]

On January 28, 2016, upon an affidavit from Eric Hettinger, a criminal complaint was filed against Mr. Carey in Shelby County District Court for his involvement in the assault of Mr. Reece. [R. 35-2 at 3.] Information provided by Mr. Reece suggests that Mr. Carey entered a guilty plea to official misconduct in the first degree and complicity to assault in the fourth degree on March 24, 2016.[2] [*Id.* at 9 -10.]

**B**

In his complaint, Mr. Reece sued twelve known defendants, as well as unknown employees of the Shelby County Detention Center. Among these defendants are Shelby County, Kentucky d/b/a Shelby County Detention Center; Bobby Waits, individually and in his official capacity as Shelby County Jailer; Southern Health Partners, Inc. (SHP); Ronald Waldridge,

---

[1] In his Complaint [R. 1 at 7] and Motion for Summary Judgment [R. 35-1 at 2], Mr. Reece claims he was beaten by ten to twelve inmates. In the criminal complaint, the affidavit states "at least seven" inmates. [R. 35-2.]

[2] Mr. Reece provided the criminal complaint, Mr. Carey's Motion to Enter Guilty Plea, and a docket printed from the Internet for the case of *Commonwealth v. William Anthony Carey*, No. 16-M-00030 (Shelby County Dist. Ct., Ky.). [R. 35-2.] However, he does not provide the official court record showing entry of the guilty plea or the transcripts containing precisely to what Mr. Carey pleaded guilty. Because Mr. Carey does not contest the entry of a guilty plea, this Court accepts the unofficial documents as evidence of the plea but does not speculate as to what might be in the official record.

M.D., individually; Stacy Jenson, ARNP, individually; Kristy Newton, LPN, individually; Geri McClain, LPN, individually; Heather Lowe, individually; Christy Coleman, individually; Christy Bailey, individually; and William Anthony Carey, individually. Against all defendants, Mr. Reece's Count I alleged violations of the Fourth, Fifth, Eighth, and Fourteenth Amendments, actionable under 42 U.S.C. § 1983. Additionally, against the individual defendants and SHP, Mr. Reece complained of Negligence, Gross Negligence, and Professional Negligence (Count II); Intentional Infliction of Emotional Distress (Count III); and Civil Conspiracy, Aiding and Abetting, and Conspiracy to violate Constitutional Rights under 42 U.S.C. § 1985 (Count IV).

Subsequent to the Defendants' Answers, Mr. Reece filed a Motion for Summary Judgment [R. 25] against Mr. Carey, which was later denied without prejudice due to the Motion referencing an exhibit not filed in the record. [*See* R. 34.] Upon Mr. Carey's filing of this Motion for Partial Dismissal [R. 27], Ms. Bailey, Shelby County, and Mr. Waits joined in the motion. [*See* R. 32.] Thereafter, Mr. Reece filed his second Motion for Summary Judgment. [R. 35.] Mr. Carey submitted a response [R. 36],p which incorporated his response to Mr. Reece's first motion [R. 26]. All pending motions have been thoroughly briefed and are now ripe for review.

## II

### A

Regarding a motion to dismiss pursuant to Rule 12(b)(6), "[t]he defendant has the burden of showing that the plaintiff has failed to state a claim for relief." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citing *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991)). When reviewing a Rule 12(b)(6) motion, the Court "construe[s] the complaint in the light most

3

favorable to the plaintiff, accept[s] its allegations as true, and draw[s] all reasonable inferences in favor of the plaintiff." *Id*. (citation omitted). Such a motion "should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (quoting *Ricco v. Potter*, 377 F.3d 599, 602 (6th Cir. 2004)). The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). Moreover, the facts that are pled must rise to the level of plausibility, not just possibility; "facts that are merely consistent with a defendant's liability . . . stop[ ] short of the line between possibility and plausibility." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). According to the Sixth Circuit, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

Regarding summary judgment, such an order is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. "A genuine dispute exists on a material fact, and thus summary judgment is improper, if the evidence shows 'that a reasonable jury could return a verdict for the nonmoving party.'" *Olinger v. Corporation of the President of the Church*, 521 F. Supp. 2d 577, 582 (E.D. Ky. 2007) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). Stated another way, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

The moving party has the initial burden of demonstrating the basis for its motion and identifying those parts of the record that establish the absence of a genuine issue of material fact. *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002). The movant may satisfy its burden by showing "that there is an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the movant has satisfied this burden, the non-moving party must go beyond the pleadings and come forward with facts demonstrating the existence of a genuine issue for trial. Fed. R. Civ. P. 56; *Hall Holding*, 285 F.3d at 424 (citing *Celotex*, 477 U.S. at 324). Moreover, "the nonmoving party must do more than show there is some metaphysical doubt as to the material fact. It must present significant probative evidence in support of its opposition to the motion for summary judgment." *Hall Holding*, 285 F.3d at 424 (internal citations omitted).

When applying the summary judgment standard, the Court must review the facts and draw all reasonable inferences in favor of the non-moving party. *Logan v. Denny's, Inc.*, 259 F.3d 558, 566 (6th Cir. 2001) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). However, the Court is under no duty to "search the entire record to establish that it is bereft of a genuine issue of material fact." *In re Morris*, 260 F.3d 654, 655 (6th Cir. 2001). Rather, "the nonmoving party has an affirmative duty to direct the court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact." *Id.*

**B**

Section 1983 does not create substantive rights but, rather, "provides a remedy for deprivations of rights secured by the Constitution and laws of the United States...." *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 924 (1982); *Mertik v. Blalock*, 983 F.2d 1353, 1359 (6th Cir.

1993). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988). "The first step in any such claim is to identify the specific constitutional right allegedly infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (citing *Graham v. Connor,* 490 U.S. 386, 394 (1989) (additional citations omitted)). Mr. Reece's § 1983 claim alleged violations under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

**1**

First, Mr. Carey argues that the Fourth Amendment does not apply to Mr. Reece because Mr. Reece was not a "free citizen" at the time of the alleged incident, and, therefore, his claims that the defendants violated his Fourth Amendment rights should be dismissed. [R. 27-1 at 4.] Mr. Reece instead believes that, because he was not yet a convicted prisoner, Fourth Amendment protections extend to him as a pretrial detainee. [R. 30 at 3–4.]

The Sixth Circuit has acknowledged that a claim of excessive force can be raised under the Fourth, Eighth, or Fourteenth Amendments. *Burgess v. Fischer*, 735 F.3d 462, 472 (6th Cir. 2013). The Fourth Amendment protects *free citizens* from excessive force in its prohibition against unreasonable seizures. *Id.* The Eighth Amendment protects *convicted persons* from excessive force in its prohibition against cruel and unusual punishment. *Id.* However, persons, such as Mr. Reece, who are detained before trial are somewhere in the middle. The *Burgess* Court recognized this and determined that the Fourteenth Amendment's Due Process Clause is applicable to prohibit excessive force against those citizens who are neither free nor convicted. *Id.* The Sixth Circuit has held that claims of excessive force on a pretrial detainee are to be

6

litigated under the Fourteenth Amendment, not the Fourth Amendment. *Id.*; *see also Kulpa for Estate of Kulpa v. Cantea*, No. 16-2521 2017 WL 3888000, at *3 (6th Cir. Sept. 6, 2017); *Lanman v. Hinson*, 529 F.3d 673, 680–81 (6th Cir. 2008); *Phelps v. Coy*, 286 F.3d 295, 300 (6th Cir. 2002). Given Mr. Reece's status as a pretrial detainee at the time of the alleged excessive force, his Fourth Amendment claims must be dismissed.

**2**

Similarly, Mr. Carey challenges Mr. Reece's Eighth Amendment claims because, at the time of the events, Mr. Reece had not yet been convicted of a crime. [R. 27-1 at 5.] Mr. Reece admits that Mr. Carey is "technically correct," but maintains that his claims under the Eighth Amendment are important as instructive for his Fourteenth Amendment claims. [R. 30 at 4–5.] While the Eighth Amendment can guide this Court's evaluation of the alleged Fourteenth Amendment violations, Mr. Reece was not a convicted person at the time of the complained incident. As stated above, the Eighth Amendment protects *convicted persons* from excessive force in its prohibition against cruel and unusual punishment. *Burgess*, 735 F.3d at 472. Therefore, because Mr. Reece was not a convicted person, he had no Eighth Amendment rights for defendants to violate, and his Eighth Amendment claims must be dismissed.

**3**

Finally, Mr. Carey moves to dismiss Mr. Reece's Fifth Amendment claims, because the Fifth Amendment's due process clause only restricts actions of the federal government, not the state government. [R. 27-1 at 5–6.] Nothing in the record indicates that the defendants in this

7

case acted as agents of the federal government. Mr. Reece concedes that the Fifth Amendment is inapplicable in this case. [R. 30 at 1.]

"The Fourteenth Amendment's Due Process Clause restricts the activities of the states and their instrumentalities; whereas the Fifth Amendment's Due Process Clause circumscribes only the actions of the federal government." *Scott v. Clay County, Tenn.*, 205 F.3d 867, 873 n. 8 (6th Cir. 2000). While due process claims under the Fifth Amendment are analyzed in the same fashion as due process claims under the Fourteenth Amendment, only the Fourteenth Amendment provides these protections against state and local governments. *See Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011). In the absence of federal actors or agents of the federal government, Mr. Reece's Fifth Amendment due process claims must be dismissed.

**C**

As stated above, in a motion for summary judgment, the moving party has the initial burden of demonstrating the basis for its motion and identifying those parts of the record that establish the absence of a genuine issue of material fact. *Hall Holding*, 285 F.3d at 424. As evidence to support this motion, Mr. Reece has presented the Court with Mr. Carey's guilty plea, and asks the Court to use that plea to grant summary judgment against Mr. Carey on all counts. [*See* R. 35.] He offers no further evidence or references to any other document in the record.

A defendant's guilty plea from a prior criminal case may be admitted by a plaintiff in a subsequent civil case in order to establish a prima facie case of "all matters of fact and law necessarily decided by the conviction and the verdict on which it was based." *Emich Motors Corp. v. General Motors Corp.*, 340 U.S. 558, 569 (1951). This is because collateral estoppel

8

prohibits such defendants from relitigating an issue of fact or law that was previously resolved. *Id.* Here, though, Mr. Reece has not referenced copies of Mr. Carey's plea agreement or disposition. Instead, Mr. Reece only provided the affidavit which gives rise to the criminal complaint, Mr. Carey's Motion to Enter Guilty Plea, and a docket sheet showing the disposition of the case. [R. 35-2.] No factual details of the underlying criminal conviction can be gleaned from these documents. Mr. Carey, though, does not dispute that on March 24, 2016, he entered a guilty plea to Official Misconduct in the First Degree (a violation of KRS § 522.020) and Complicity to Assault in the Fourth Degree (a violation of KRS §§ 502.020, 508.030). [R. 26; R. 35-2.]

Use of collateral estoppel, also known as issue preclusion, requires four elements to prevent relitigation of an issue:

> (1) the precise issue must have been raised and actually litigated in the prior proceedings; (2) the determination of the issue must have been necessary to the outcome of the prior proceedings; (3) the prior proceedings must have *resulted in a final judgment on the merits;* and (4) the party against whom estoppel is sought must have had a full and fair opportunity to litigate the issue in the prior proceeding.

*Cobbins v. Tenn. Dep't of Transp.*, 566 F.3d 582, 589–90 (6th Cir. 2009) (emphasis in original) (citing *N.A.A.C.P., Detroit Branch v. Detroit Police Officers Ass'n*, 821 F.2d 328, 330 (6th Cir. 1987)). The first prong, the "identity of issues" element, requires that the key issue be the first case is the same as the key issue in the second case. *Georgia-Pacific Consumer Products LP v. Four-U-Packaging, Inc.*, 701 F.3d 1093, 1098 (6th Cir. 2012) (citing *Nat'l Satellite Sports, Inc. v. Eliadis, Inc.*, F.3d 900, 908–09 (6th Cir. 2001)). When using a criminal judgment to preclude civil litigation, the elements of the crime must be identical to the elements of the civil complaint. *See Gray v. C.I.R.*, 7080 F.2d 243, 246 (6th Cir. 1983).

9

According to the docket sheet, Mr. Carey pled guilty to a violation of KRS § 522.020.

[R. 35-2 at 9.] In Kentucky:

> (1) A public servant is guilty of official misconduct in the first degree when, with intent to obtain or confer a benefit **or** to injure another person **or** to deprive another person of a benefit, he knowingly:
> (a) Commits an act relating to his office which constitutes an unauthorized exercise of his official functions; **or**
> (b) Refrains from performing a duty imposed upon him by law or clearly inherent in the nature of his office; **or**
> (c) Violates any statute or lawfully adopted rule or regulation relating to his office.

KRS § 522.020 (emphasis added). Additionally, Mr. Carey pled guilty to violations of KRS § 502.020, complicity for conduct of another, and KRS § 508.030, fourth degree assault. [R. 35-2 at 9.] Assault in the fourth degree occurs when a person either "intentionally or wantonly causes physical injury to another person" **or** recklessly "causes physical injury to another person by means of a deadly weapon or a dangerous instrument." KRS § 508.030 (emphasis added). Mr. Carey admitted liability for an assault committed by another person in pleading guilty to complicity, which under Kentucky law is codified as:

> (1) A person is guilty of an offense committed by another person when, with the intention of promoting or facilitating the commission of the offense, he:
> (a) Solicits, commands, or engages in a conspiracy with such other person to commit the offense; **or**
> (b) Aids, counsels, or attempts to aid such person in planning or committing the offense; **or**
> (c) Having a legal duty to prevent the commission of the offense, fails to make a proper effort to do so.
>
> (2) When causing a particular result is an element of an offense, a person who acts with the kind of culpability with respect to the result that is sufficient for the commission of the offense is guilty of that offense when he:
> (a) Solicits or engages in a conspiracy with another person to engage in the conduct causing such result; **or**
> (b) Aids, counsels, or attempts to aid another person in planning, or engaging

10

     in the conduct causing such result; **or**
  (c) Having a legal duty to prevent the conduct causing the result, fails to make a proper effort to do so.

Ky. Rev. Stat. § 502.020 (emphasis added). In other words, Mr. Carey was guilty of assault not because he himself caused injury to another person, but because he in some way helped to facility an assault either by conspiring with the culprit, aiding the culprit, or failing to protect the victim.

### 1

  Mr. Reece first claims that Mr. Carey violated his constitutional rights under 42 U.S.C. § 1983. [R. 1 at 12–16.] As stated above, § 1983 does not create substantive rights but, rather, "provides a remedy for deprivations of rights secured by the Constitution and laws of the United States...." *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 924 (1982); *Mertik v. Blalock*, 983 F.2d 1353, 1359 (6th Cir. 1993). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988). Mr. Reece claims violations of the Fourth, Fifth, Eighth, and Fourteenth Amendments. Having already dismissed Mr. Reece's claims relating to the Fourth, Fifth, and Eighth Amendments, the Court need only address Mr. Reece's Fourteenth Amendment claims.

  "The first step in any such claim is to identify the specific constitutional right allegedly infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (citing *Graham v. Connor,* 490 U.S. 386, 394 (1989) (additional citations omitted)). Mr. Reece claims he was subjected to excessive force. Because a pretrial detainee has not yet been convicted, the source of his right to be free from cruel and unusual punishment, such as excessive force and/or the denial of necessary

medical treatment, stems from the Fourteenth Amendment rather than the Eighth Amendment. *Leary v. Livingston Cty.*, 528 F.3d 438, 450 (6th Cir. 2008). Although a pretrial detainee does not enjoy the full protections of the Eighth Amendment, pretrial detainees still possess Fourteenth Amendment due process rights, which are similar to the Eighth Amendment prisoner rights. *Roberts v. City of Troy*, 773 F.2d 720, 723 (6th Cir. 1985); *see also Popham v. City of Talladega*, 908 F.2d 1561, 1563 (11th Cir. 1990); *Belcher v. Oliver*, 898 F.2d 32, 35 (4th Cir. 1990). "[T]he Eighth Amendment prohibits punishments which, although not physically barbarous, involve the unnecessary and wanton infliction of pain, or are grossly disproportionate to the severity of the crime." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (citation omitted) (internal quotation marks omitted); *see also Estelle v. Gamble*, 429 U.S. 97, 103-105 (1976). In relation to the conditions of confinement, the Eighth Amendment only addresses "deprivations of essential food, medical care or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348.

Under the Fourteenth Amendment's due process clause, "a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). The Government may detain a person prior to trial in order to ensure appearance in court, and, thus, the Government "may subject him to the restrictions and conditions of the detention facility so long as those conditions and restrictions do not amount to punishment, or otherwise violate the Constitution." *Id*. at 536–37. In order to succeed on an Fourteenth Amendment excessive force claim, a plaintiff must demonstrate that the conduct would "shock the conscience" of a jury and violate "decencies of civilized conduct." *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998). "The substantive component of the Due Process

Clause is violated by executive action only when it 'can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense.'" *Id.* at 847 (quoting *Collins v. Harker Heights*, 503 U.S. 115, 128 (1992)). Negligent behavior is decidedly not a Fourteenth Amendment violation. *Id.* at 849.

In order to preclude the litigation of the Fourteenth Amendment claim, Mr. Carey must have entered a guilty plea to a crime with the same elements as the civil claim. The "key issue" in the criminal case must be the same as the "key issue" in the civil case. *Georgia-Pacific Consumer Products LP v. Four-U-Packaging, Inc.*, 701 F.3d 1093, 1098 (6th Cir. 2012). While a jury *could* find Mr. Carey's official misconduct and complicity to assault sufficient to "shock the conscience," such a finding was *not necessary* under Kentucky's disjunctive statutory scheme. A finding that Mr. Carey's conduct would "shock the conscience" was not required in his underlying state criminal case. Thus, while the conviction is some evidence of a Fourteenth Amendment violation, it alone cannot preclude the civil litigation in this case. Therefore, Mr. Reece's motion for summary judgment fails as to his first claim.

## 2

Next, the complaint alleges negligence and gross negligence against Mr. Carey for failure to treat his medical condition in a timely manner. [R. 1 at 16.] In Kentucky, to establish negligence, a plaintiff must demonstrate the existence of a duty, breach thereof, and consequent injury, which includes "actual injury or harm to the plaintiff and legal causation between the defendant's breach and the plaintiff's injury." *Pathways, Inc. v. Hammons*, 113 S.W.3d 85, 89 (Ky. 2003); *Mullins v. Commonwealth Life Insurance Company,* 839 S.W.2d 245, 247 (Ky. 1992). Establishing gross negligence requires "something more than the failure to

13

exercise slight care." *City of Middlesboro v. Brown*, 63 S.W.3d 179, 181 (Ky. 2001) (quoting *Cooper v. Barth, Ky.*, 464 S.W.2d 233, 234 (Ky. 1971)). In fact, "there must be an element either of malice or willfulness." *Id.* Additionally, the Kentucky Supreme Court has defined "gross negligence," in the context of punitive damages, as requiring a "finding of failure to exercise reasonable care, and then an additional finding that this negligence was accompanied by wanton or reckless disregard for the lives, safety or property of others." *Id.* (citing *Horton v. Union Light, Heat & Power Co.*, 690 S.W.2d 382, 389-90 (Ky. 1985)).

Without citing any legal authority, Mr. Reece claims that Mr. Carey had a duty to report the assault and find medical care for Mr. Reece, and that Mr. Carey's guilty plea establishes that he admitted denying treatment. [R. 35-1 at 11.] However, assuming that Mr. Carey as deputy jailer *did* have that duty, this Court finds no mention of denying medical treatment in the referenced court documents. [*See* R. 35-2.] Likewise, Mr. Reece has not indicated anywhere in the record where Mr. Carey admitted denying Mr. Reece medical treatment. [*See* R. 35-1 at 11.] Furthermore, he fails to point to evidence in the record establishing that Mr. Carey's alleged actions caused his alleged injuries. As the moving party, Mr. Reece bears the initial burden of demonstrating the basis for the motion as well as identifying those parts of the record that establish the absence of a genuine issue of material fact. *Hall Holding*, 285 F.3d at 424. Mr. Reece has not met this burden as to establishing negligence, therefore, his motion also fails as to his second claim.

### 3

Mr. Reece's third claim accuses Mr. Carey of intentional infliction of emotional distress (sometimes referred to as the tort of outrage) for his conduct. [R. 1 at 17.] A prima facie case of

14

intentional infliction of emotional distress (IIED) requires that: (1) the wrongdoer's conduct was intentional or reckless, (2) the wrongdoer's conduct was outrageous and intolerable, (3) there is a causal connection between the conduct and the emotional distress, and (4) the emotional distress is severe. *Stringer v. Wal-Mart Stores, Inc.*, 151 S.W.3d 781, 788 (Ky. 2004); *Osborne v. Payne*, 31 S.WW.3d 911, 913-14 (Ky. 2000). In order for conduct to be outrageous, it must be a "deviation from all reasonable bounds of decency and [ ] utterly intolerable in a civilized community." *Craft v. Rice*, 671 S.W.2d 247, 250 (Ky. 2984). The case must be "one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'" *Brewer v. Hillard*, 15 S.W.3d 1, 7 (Ky. App. 1999) (citing RESTATEMENT (SECOND) OF TORTS, § 46, cmt. d (1965)).

The guilty plea entered by Mr. Carey establishes that the conduct underlying his criminal case was either intentional or reckless. However, as discussed earlier, the plea does not establish exactly what conduct Mr. Carey admitted to and contains no mention of denying Mr. Reece medical treatment. [R. 35-2.] Mr. Reece cites no portion of the record to show an absence of material fact, not even in citing to the criminal documents provided. [*See* R. 35-1 at 11–12.] Furthermore, his bare allegations of emotional distress are insufficient to establish both their existence and their cause. *See Ashbrook v. Block*, 917 F.2d 918, 921 (6th Cir. 1990). It is not the role of this Court to scour the record for evidence of his allegations. *See Penn, LLC v. Prosper Bus. Dev. Corp.*, 600 F. App'x 393, 403 (6th Cir. 2015) ("'Judges are not like pigs, hunting for truffles' that might be buried in the record") (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)). Though Mr. Carey's guilty plea *may* provide evidence supporting a claim for IIED, the plea is far from establishing an absence of genuine issues of material fact. Mr. Reece

15

has not met the burden for summary judgment on his third claim.

4

Finally, Mr. Reece alleges that Mr. Carey conspired with Ms. Bailey and other unknown defendants to infringe upon his rights, a violation of 42 U.S.C. § 1985. [R. 1 at 17–18.] Title 42 U.S.C. § 1985 includes three subsections outlining three ways in which someone could be liable for conspiring to interfere with another's civil rights. Subsection 3 involves depriving another person of his or her rights or privileges. "A § 1985(3) cause of action for conspiracy requires that the plaintiff prove: (1) the existence of a conspiracy; (2) the purpose of the conspiracy was to deprive any person or class of persons the equal protection or equal privileges and immunities of the law; (3) an act in furtherance of the conspiracy; and (4) injury or deprivation of a federally protected right." *Royal Oak Entertainment, LLC v. City of Royal Oak, Michigan*, 205 F. App'x 389, 399 (6th Cir. 2006).

Mr. Reece again points to Mr. Carey's guilty plea as evidence that he conspired with Ms. Bailey. He claims there is "no dispute," but offers no evidence or reference to the record to show a lack of dispute. [R. 35-1 at 12.] Ms. Bailey is not named at all in the documents provided by Mr. Reece. [R. 35-2.] In fact, the affidavit in the criminal complaint states that Mr. Carey acted with other *inmates*, not employees of the jail. [*Id.*] These other inmates are not named defendants to this action. Also, the guilty plea cannot establish the purpose of this alleged conspiracy, a required element of this claim. *See Royal Oak Entertainment, LLC*, 205 F. App'x at 399. Further, this Court has not yet determined the existence of such injury or deprivation of a right, and Mr. Reece provides no further evidence to support his claims. Thus, Mr. Reece has not identified any part of the record that establishes an absence of a genuine issue of material

16

fact, and his motion for summary judgment fails as to his fourth claim.  *See Hall Holding*, 285 F.3d at 424.

## III

While claims of excessive force may be brought under the Fourth, Eighth, or Fourteenth Amendments, only the Fourteenth Amendment applies to Mr. Reece as a pretrial detainee. Because he was neither a free person nor a convicted person at the time of the alleged events, the claims of Fourth Amendment and Eighth Amendment violations must be dismissed. Similarly, because his claims are against state actors, not federal actors, Mr. Reece's Fifth Amendment claims must also be dismissed.

Additionally, Mr. Reece points to the criminal guilty plea as determinative evidence of Mr. Carey's actions, but fails to demonstrate how the guilty plea satisfies any legal elements of his civil claims. A criminal conviction can be a collateral estoppel tool only when the elements of the criminal charge are the same as the elements of a civil claim, such as tax evasion or health care fraud. This simply is not that case. While Mr. Carey's guilty plea provides strong evidence for several of Mr. Reece's claims, it falls short of demonstrating an absence of issue as to the material facts in this case. Accordingly, for the aforementioned reasons, it is hereby **ORDERED** as follows:

1. Defendant William Anthony Carey's Motion for Partial Dismissal [R. 27] is **GRANTED**;

2. Defendants' Motion for Partial Dismissal [R. 32] is **GRANTED**;

3. Plaintiff's Fourth Amendment, Fifth Amendment, and Eighth Amendment Claims in this matter are **DISMISSED WITH PREJUDICE**; and

4. Plaintiff's Motion for Summary Judgment [R. 35] is **DENIED.**

This the 15th day of February, 2018.

Gregory F. Van Tatenhove
United States District Judge