UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| JOSHUA REECE, | ) |
| Plaintiff, | ) Civil No. 3:16-cv-00069-GFVT-EBA |
| V. | ) |
| | ) MEMORANDUM |
| SHELBY COUNTY, KENTUCKY, *et al.*, | ) OPINION |
| | ) & |
| Defendants. | ) ORDER |

\*\*\* \*\*\* \*\*\* \*\*\*

In November 2015, Plaintiff Joshua Reece was assaulted by fellow inmates within the Shelby County Detention Center in Shelbyville, Kentucky. After being discharged from the jail, Mr. Reece brought suit against a number of defendants claiming multiple state law violations and constitutional violations. Pending before the Court is one issue, reserved from this Court's previous ruling on Mr. Reece's Motion for Summary Judgment, regarding a conspiracy to violate constitutional rights claim under U.S.C. § 1985 (Count IV). [R. 1 at ¶¶ 52, 55.] In a previous Order,[1] this Court granted summary judgment on Count IV as to Defendants Waits, Bailey, and to the Southern Defendants. [R. 234 at 7–9.] Mr. Reece Summary Judgment Motion,[2] however, failed to even acknowledge his conspiracy claim as it pertains to Mr. Carey. [*See Id.* at 58.] Because Mr. Reece moved for summary judgment on his conspiracy claim against Mr. Carey without briefing the issue, the parties were directed to provide additional briefing and the Court reserved judgment on the issue. [*Id.* at 63–64.] Supplemental briefs have been filed. The Court will now address the merits of Mr. Reece's conspiracy claim against Mr. Carey. For the reasons

---

[1] [R. 234]
[2] [R. 155]

that follow, Plaintiff Joshua Reece's Motion for Summary Judgment will be **DENIED in part** as it pertains to his 42 U.S.C. § 1985 claim against Defendant William Anthony Carey.

## I

To state a § 1985(3) claim,[3] a plaintiff must prove: "(1) the existence of a conspiracy; (2) the purpose of the conspiracy was to deprive any person or class of persons the equal protection or equal privileges and immunities of the law; (3) an act in furtherance of the conspiracy; and (4) injury or deprivation of a federally protected right." *Royal Oak Entertainment, LLC v. City of Royal Oak, Michigan*, 205 F. App'x 389, 399 (6th Cir. 2006). Significantly, § 1985(3) "applies only where the discrimination was based on race or membership in another class comprising 'discrete and insular minorities that receive special protection under the Equal Protection Clause because of inherent personal characteristics.' " *Id.* (quoting *Volunteer Med. Clinic, Inc. v. Operation Rescue*, 948 F.2d 218, 224 (6th Cir.1991)); *see also Moniz v. Cox*, 512 Fed.Appx. 495, 499 (6th Cir. 2013).

In his Complaint, Reece alleged that he "suffered serious harm because of a conspiracy between Carey, [Christy] Bailey and Unknown Defendants to have him beaten by other inmates . . . ." [R. 1 at ¶ 55.] In his supplemental briefing, Mr. Reece argues, along a similar line, that "a

---

[3] Reece does not specify which subsection of § 1985 he believes Carey's actions violated, and this Court assumes Reece's claim arose under § 1985(3). Subsection (1) is inapplicable, because Reece's Complaint does not address a conspiracy that prevented an officer from performing his duties. *See* 42 U.S.C. § 1985(1). The first clause of subsection (2) is also inapplicable, because Reece does not allege that Carey conspired with others to intimidate or deter witness testimony, or to influence a juror. *See* § 1985(2). The second clause of § 1985(2), which "prohibits conspiracies to interfere with due process in state courts with the intent to deprive persons of their equal protection rights," is also inapplicable based on Carey's alleged conduct in this case. *Fox v. Mich. State Police Dep't*, 173 Fed.Appx. 372, 376 (6th Cir.2006). Even if Reece somehow intended to bring his claim under § 1985(2), the claim would fail, because under the second clause of § 1985(2), like under § 1985(3), a plaintiff must allege "that there was 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.' " *Id.* (quoting *Kush v. Rutledge*, 460 U.S. 719, 726, 103 S.Ct. 1483, 75 L.Ed.2d 413 (1983)); *see Dallas v. Holmes*, 137 Fed.Appx. 746, 752 n. 5 (6th Cir.2005).

civil conspiracy existed between Carey Hopper, and John Rogers to injure Reece and cover up the assault." [R. 236 at 3.] Reece has not alleged, however, any facts indicating that Carey's action's—nor any other defendants'—were motivated by any class-based animus. Accordingly, Reece's Complaint fails to state a claim under § 1985 because he has not alleged any race or class-based discriminatory animus on the part of Carey or any other defendant. Because Reece has failed to state a claim under § 1985, any claim under § 1986 likewise fails.[4] *See Braley v. City of Pontiac*, 906 F.2d 220, 227 (6th Cir.1990) ("Where a plaintiff has stated no cause of action under § 1985, no cause of action exists under § 1986"). Because Reece fails to even state a claim under § 1985, there is no genuine issue as to any material fact regarding the alleged conspiracy and Reece is not entitled to summary judgment on the issue. Fed. R. Civ. P. 56(c)(2); *Celotex Corp. v. Catrett,* 477 U.S. 317, 323-25 (1986).

## II

In addition to addressing the continued viability of the conspiracy claim against Carey, Reece argues, for the first time, the continued viability of his aiding and abetting claim that is couched in Count IV.[5] [R. 236 at 5; *see* R. 1 at ¶ 55.] Carey's Response to Reece's Supplemental Briefing does not address the aiding and abetting claim.[6] Carey is entitled to

---

[4] Although Reece does not state a claim under 42 U.S.C. § 1986, he presumably meant to, as it represents the liability provision for those parties in violation of § 1985. *See* 42 U.S.C. § 1986 ("[e]very person having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having the power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, *shall be liable to the party injured or his legal representatives*, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented …") (emphasis added).

[5] In the context of the supplemental briefing, the Court assumes Reece is moving for summary judgment on the aiding and abetting claim, as well.

[6] This could be attributed to the Court's mandated page limits, the Court's specific direction to address the conspiracy claim, or in light of Reece's failure to address the aiding and abetting claim in his initial summary judgment motion.

respond to Reece's briefing on the aiding and abetting claim and this Court will provide him an opportunity to do so.

### III

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. Plaintiff Joshua Reece's Motion for Summary Judgment [**R. 155**] is **DENIED in part**, as it pertains to Reece's 42 U.S.C. § 1985 claim against Defendant William Anthony Carey; and

2. Defendant William Anthony Carey is hereby **DIRECTED** to file a supplemental brief addressing the continued viability of Reece's Kentucky common law aiding and abetting claim within **seven (7) days** of the entry of this Order.  Defendant Carey's brief should be no more than **four (4) pages**.

This the 9th day of June, 2021.

Gregory F. Van Tatenhove
United States District Judge